Cook *v.* Miller.

EDWARD J. COOK *vs.* ABRAHAM J. MILLER.

SOPHIA COOK *vs.* ABRAHAM J. MILLER.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and JENNINGS, Js.

Prior to the trial of an action to recover damages for personal injuries, the court may, in the exercise of reasonable discretion, make orders relative to a physical examination of the plaintiff to be conducted on behalf of the defendant.

If the issue of liability is found for the defendant, the plaintiff cannot, upon appeal, be heard to complain of the action of the trial court with respect to such an examination, where its sole bearing is upon the amount of damages.

Under § 5786 of the General Statutes, a jury is required to be "under the charge of an officer appointed by the court" only when it is "assembled for deliberation"; and therefore, in the present case, there was no merit to the plaintiffs' claim, especially in the absence of any objection on their part at the time of the occurrence, that the trial court abused its discretion in excusing the jury on Friday afternoon, at the conclusion of the charge, until the following Tuesday morning.

The complaints alleged and the plaintiffs, husband and wife, offered evidence to prove, that the wife sustained severe personal injuries as the result of falling into a disused cistern situated next to the rear steps of their dwelling and covered with a brick walk reserved for the common use of all tenants in the building and laid upon planks which had rotted away through the negligent inattention of the defendant, their landlord. The jury returned a verdict for the defendant. *Held:*

1. That the trial court's charge to the jury was not open to the plaintiffs' objection that it did not adequately set forth the several issues raised by the pleadings and claimed proofs.

2. That several of the plaintiffs' assignments of error, relating to the charge as given and to the refusal of the trial court to charge as requested, were founded upon the unwarranted assumption that the existence of the cistern and the defendant's knowledge thereof were admitted, whereas they were the principally contested issues of fact in the case.

3. That, in view of the defendant's verdict, alleged errors in the charge upon the subject of damages, were not reviewable.

4. That the trial court properly instructed the jury that the question of the wife's contributory negligence was one of fact for their determination.

5. That the trial court adequately explained to the jury the measure of the defendant's duty as being the obligation to exercise reasonable care under all the circumstances, including not only his actual knowledge of the facts, but the knowledge which he reasonably should have had.

6. That the trial court's statement to the jury that "you will have before you the pleadings for your guidance, and it is only as the plaintiffs prove the causes of action within the fair purview of their complaints that they are entitled to recover," did not, as claimed by the plaintiffs, leave the construction of the pleadings to the jury.

7. That the trial court's comment that, while there was no direct evidence that the brick walk was constructed over planks, the fact might be reasonably inferred from the husband's testimony, if believed, that he pulled out pieces of rotten board from the hole into which his wife fell, was not only harmless to the plaintiffs, but positively beneficial.

8. That the doctrine of *res ipsa loquitur* had no application to the case in view of the absence of any direct evidence as to the existence of the cistern and the defendant's denial of any knowledge concerning it.

Argued April 16th—decided July 30th, 1925.

ACTIONS to recover damages for personal injuries to the plaintiff wife alleged to have been caused by the defendant's negligence, and to recover expenses incurred by the plaintiff husband for the care and treatment of said injuries, brought to the Superior Court in Fairfield County and tried to the jury before *Maltbie, J.;* verdict and judgment for the defendant in both actions, and appeal by the plaintiffs. *No error.*

The action of the plaintiff Sophia Cook is for damage for injuries inflicted upon her through the negligence of defendant; the action of Edward J. Cook is brought to recover for damages suffered by him on account of his wife's injury, and for expenses incurred by him incident thereto. The actions were tried together by agreement, and a joint finding covering both

was made by the trial court. The facts forming the cause of action and the allegations of the complaints are substantially the same in each, excepting that the complaint in the action of the husband sets forth the items of his claimed damages, apart from those suffered by the wife.

Sometime prior to the trial of these actions an order for a physical examination of Sophia Cook was made by the court (*Ells, J.*) against her objection. The court charged the jury on the afternoon of Friday, May 30th, 1924, and then excused it over the weekend, and its deliberations were resumed and its verdict rendered on Tuesday, June 3d.

The court found that the plaintiffs offered evidence to prove and claimed to have proved the tenancy of the Cooks of the house belonging to defendant, consisting of two tenements or apartments, and that the yard, stoop and walks were furnished for the common use of all of the tenants of the building; that there was a disused cesspool back of the dwelling, nearly six feet in depth and extending from the westerly end of the back stoop, along the northerly side of the house, some eight feet; that this old cesspool excavation had not in any way been filled up before the day of the injury; that the northerly side of the house had been extended northerly by an addition, built by the defendant, under which no cellar was or has been dug. The northerly stone underpinning on which this addition was set, runs along through the southerly half of the old cesspool excavation. The cesspool north of it was left open and unfilled, the opening being covered with boards, running from the westerly side of the small back stoop. About ten years before the date of injury, the defendant placed boards over and across the old cesspool excavation; these were three-quarters to seven-eighths of an inch in thickness, and the ends

at one side rested on the northerly side of the under-pinning, and, at the other, upon the northerly bank or wall of the old cesspool; upon these boards bricks were laid to make a walk. The brick walk so laid had every appearance of being solid and durable, with no indica-tion either of its manner of laying or the excavation under it, with the attendant danger. The boards upon which the brick walk was laid were not safe and proper construction for such a walk; the walk was dangerous, and laid and maintained in disregard of the safety of life and limb of the tenants of the house; and the defendant was negligent in the laying and care of the brick walk, of his duty toward the tenants, and the reasonable safety of the plaintiffs. The foregoing was true of the walk during the time the plaintiffs were tenants of the first floor of the dwelling and had the use of the walk as such; on and before November 12th, 1923, the boards had become decayed and so rotted that the walk was dangerous to anyone who walked upon it, which the defendant knew; neither of the plaintiffs knew this or had any way of knowing it. On November 12th, 1923, the plaintiff Sophia Cook was busy about her household affairs and was in the act of going down the back steps, carrying wet clothing, which weighed from twenty-five to thirty pounds, in order to hang the clothes upon a clothesline in the back yard of the premises, as was the proper practice to do. She stepped her right foot heavily off the westerly end of the bottom step upon the brick walk laid over the old cesspool excavation, whereupon the wall gave way, precipitating her leg down into the excavation up to her hip, her left foot remaining upon the back steps.

The defendant offered evidence to prove and claimed to have proven that he bought the premises in question May 7th, 1906, from one Church; that

Cook *v.* Miller.

prior to that day the defendant was unacquainted with the premises and knew nothing whatever of any cistern, cavity or hole, which the plaintiffs claim to have existed; that none of the witnesses, either for plaintiffs or defendant, had ever seen such claimed cistern, cavity or hole; that the workman hired about eleven years ago by the defendant to build the addition mentioned, dug down to a depth of five or six feet, and never saw a cistern, cavity or hole on these premises, or evidence of one; that there were some bricks left over from building a chimney or extension, and these bricks were laid over the solid earth without any digging, and had remained so up to the date of the claimed injury, and that the bricks were laid for the purposes of cleanliness and so that mud would not be tracked into the house; that the defendant never built or repaired, or caused to be built or repaired, any cistern, cavity or hole on the premises, and never placed boards over or across any such cistern, cavity or hole, and never placed or caused to be placed, and never laid or caused to be laid, any bricks over any known cistern, cavity or hole, and that all the work which defendant did, or caused to be done, in connection with the yard or addition, was performed by capable and experienced workmen, with proper material, and the defendant was at no time since the purchase by him of the premises guilty of negligence in relation to any cistern, cavity or hole, or any work done in connection with the brick walk, or addition; that the plaintiffs had an equal opportunity with the defendant of knowing of a defect, if any existed on the premises, and they were guilty of contributory negligence on their part.

In her reasons of appeal the plaintiff Sophia Cook assigns as error the order of the court requiring her to submit to a physical examination. Plaintiffs also

assign as error the action of the court in excusing the jury from Friday until the following Tuesday, after the charge had been given, and further assign numerous errors as to the refusal of the court to give certain requested instructions to the jury and as to the charge as given by the court, which latter will appear as considered in the opinion.

*Joseph A. Gray,* for the appellants (plaintiffs).

*Minerva M. Davis,* with whom was *Leo Davis,* for the appellee (defendant).

KEELER, J. The order of the trial court for an examination of the person of the plaintiff wife was a proper exercise of discretion. The discretionary right to make such an order would seem to flow legitimately from the right of a defendant to call an injured plaintiff as a witness and compel his testimony as to his injuries, or to cross-examine him relative thereto, if he testifies in his own behalf. While in a large number of States this matter is one of statutory regulation, in the States where no such regulation obtains, the decided preponderance of authority favors the right of the trier in his discretion to make such an order. 4 Wigmore on Evidence (2d Ed.) § 2220, pp. 723, 729. "To allow the plaintiff in such cases, if he sees fit to display his injuries to the jury, to call in as many friendly physicians as he pleases, and have them examine his person, and then produce them as expert witnesses on the trial, but at the same time to deny to the defendant the right in any case to have a physical examination of the plaintiff's person, and leave him wholly at the mercy of such witnesses as the plaintiff sees fit to call, constitutes a denial of justice too gross, in our judgment, to be tolerated for one moment."

*Wanek* v. *Winona*, 78 Minn. 98, 101, 80 N. W. 851. In view of the fact that the jury found for defendant, and the only bearing that a physical examination could have had was as to the amount of damages, if error in this regard had been committed it would have been harmless.

With regard to excusing the jury, after the charge, over the week-end, it does not appear from the record that the plaintiffs objected to such procedure or took any exception to the action of the court or filed any motion in arrest of judgment, so it is questionable whether the matter is properly before us. Taking up the claim, however, the act of the court was entirely one within its discretion, and not the subject of review, unless such discretion was abused, which clearly was not the case. The statute (General Statutes, § 5786) provides that after a cause has been committed to the jury, it "shall be under the charge of an officer appointed by the court, who shall permit no person to be present with them or to speak to them, when assembled for deliberation," etc. The intent of the statute is plain; it provides for the deliberation of the jury, assembled in the jury room, without any interference or suggestion from any outside source. Until the jury has assembled for consideration in the room provided for their deliberations, the statute has no application, and the officer therein mentioned has no function. Practically there is no difference, as affecting and conserving the rights of these plaintiffs, than if the jury had proceeded to the consideration of the cause immediately after the charge, had then after a while been unable to agree and so reported to the court, and had thereupon been excused until the next court day, an everyday occurrence in our practice and entirely proper and legal. There was no more chance that the jury would be tampered with, in view of the

action of the trial judge, than if it had been excused after the arguments and before the charge. To apply to the statute the construction claimed by the plaintiffs, would require that, after the jury had been charged, it should be kept together under the charge of the court officer and lodged and fed at the expense of the State, as sometimes is done in criminal causes of great importance. At the conclusion of the charge the trial judge informed the jury that he was "not going to ask you to consider this case at all tonight," that is, that the deliberation contemplated by the statute would not begin until the next opening of court. It may be contended that it is a better method of procedure, that the jury should come to the consideration of a cause, fresh from the charge, and without dispersing, but the matter is entirely within the discretion of the trial court and not reviewable by us.

Coming to the alleged errors of the court with regard to its instructions to the jury, plaintiffs combine certain of their reasons of appeal (four, five, seven, eight, nine) in a general statement that the charge was not within the issues and the evidence, and instance, in particular, the introduction in the charge of issues foreign to the facts in evidence, and the neglect to include certain other issues related to the cause of action and arising out of the evidence, "and in not fully or partially elucidating by contrasting, discussing and explaining the evidence to the jury." A careful examination of the charge shows that the judge included in the charge instructions sufficiently full, and sufficiently explanatory of the evidence, so far as disclosed by the pleadings and claimed proofs, and discussed nothing not germane thereto. As supplementing the point above referred to and as a corollary thereto, plaintiffs (in reasons of appeal eleven, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen,

Cook *v.* Miller.

nineteen, twenty) assert that the "Cooks had no knowledge and the defendant is chargeable with knowledge," and that the court should have so charged. The particular reasons of appeal just referred to, numbered thirteen and fourteen, are concerned with the failure of the court to grant certain requests to charge (twenty-four and twenty-five) which ask the court to tell the jury that the fact of the existence of a cavity underneath the walk and the knowledge of the defendant thereof were undisputed facts. A mere glance at the claimed proofs of the defendant negatives such a conclusion. The requests to charge covered by the remaining assignments of error are not stated in such a way as to be properly given verbatim, and most of them are not correct statements of law. So far as they suggest proper matters for the consideration of the jury, they are fully and correctly covered by the charge as given. The later ones refer to the nature and extent of the injuries incurred, and in view of the verdict for defendant are not material in this appeal. The fourth claim in plaintiffs' brief is that the lessor could not escape liability for the weak and rotted condition of a walk, and that the manner of the brick walk breaking down as it did, is significant as matter of law. But this claim is founded upon the assumption of the fact that a brick walk laid upon boards broke down and the plaintiff Sophia Cook fell into a cavity beneath, while the fact that such a walk gave way, and that there was an open excavation underneath into which she fell is the principal contested point of fact in the case. The same is true as to the seventh claim in the brief, to the effect that the construction of this walk and defendant's care thereof "being admitted," the question of negligence became one of law; there was no admission of this sort. The sixth claim is that the question of

contributory negligence was one of law, and the jury should have been instructed that the plaintiff was not guilty of contributory negligence. No question arises upon the record in this case as to the measure of duty or care imposed upon the plaintiff. It was clearly her duty to exercise reasonable care, and the jury was so instructed, and no higher degree of care was suggested in the charge. It was purely a question of fact, and the jury was so told, with proper and adequate explanation in the usual and approved form. There is little in the record to indicate that the matter of contributory negligence was to any controlling extent involved in the case.

There were only two controlling issues in the case: first, was the brick walk constructed upon and over boards laid across an abandoned cesspool; second, such being the case, did the defendant use due care as to the inspection, proper maintenance, and repair of this walk. The question of fact as to the existence of the cesspool was left to the jury with proper instructions. Upon the question of the liability of defendant the jury was instructed carefully and with considerable detail. The jury was told that if it found the existence of the cesspool and the building of the walk over it, the defendant was bound to construct the walk with reasonable care, to watch over it to see that some condition, which was possible or likely to occur in the future, did not develop, and particularly to keep an outlook to see whether or not these boards continued good and sound in view of the well-known tendency of boards to rot, particularly when exposed to the weather; and that he was obligated not only to do this, but in so doing it was also his duty "to use his faculties as a reasonable man, and whatever he would have learned, had he used his faculties as a reasonable man, that is just as much incumbent upon him to re-

Cook *v.* Miller.

gard as that which he actually did know. Again, in view of that knowledge which he had or which he ought to have had, had he made reasonable use of his faculties, did reasonable care require that he should do something to guard persons like these tenants, who had a right to go there, against some hidden danger there was there, or to repair that danger against the time when they might be subjected to the possibility of injury from it? So then, gentlemen, prefacing what I say upon your having found the fact, the condition which gives rise to the duty, was there negligence on the part of this defendant in a failure to use reasonable care in the way in which this brick walk was constructed; in the oversight which he exercised to see that it continued safe, if it was constructed safely in the first instance; or in taking steps to repair it or to warn people who might have occasion to pass over the walk against danger which either he knew, or ought by the reasonable use of his faculties to have known was existing there or likely to come into existence."

This part of the charge (reproduced with considerable fulness, since it was the reiterated complaint of plaintiffs' counsel in argument and brief, that the jury were not properly instructed as to the nature and extent of defendant's liability) is a clear and adequate exposition of the law applicable to the case, and all to which plaintiffs were entitled, covering every legal and reasonable item contained in their requests.

The eighth claim of plaintiffs' brief relates to several brief excerpts from the charge of the court, none of which were erroneous in the connection in which they appear, and only two of them require attention. The court charged: "You will have before you the pleadings in the two cases for your guidance, and it is only as the plaintiffs prove the causes of action within the fair purview of their complaints,

that they are entitled to recover." Plaintiffs complain that this charge erroneously left the construction of the pleadings to the jury. We can see nothing in it but a proper caution to the jury to relate the evidence to the pleadings, and not wander therefrom in speculation and surmise. "You are entitled to use your judgment to draw reasonable inferences. Often a fact is proven because you infer it from other circumstances just as much as though somebody went on the stand and testified to it. For instance, in this case there is no direct testimony that these bricks of this walk were laid on planks over this excavation. There is testimony which, if you believe it, will lead you to believe that this young man reached his hand under there and drew out pieces of rotten boards from under them, and that there were pieces of rotten boards about the hole beneath. It is for you to use your judgment there. If you think it is a reasonable inference from these facts and the other surrounding circumstances, to conclude that these bricks were laid upon boards, then you are entitled to find that as a fact just as much as if somebody went on the witness stand and said it was so. It is a matter of reasonable judgment on your part."

Plaintiffs' counsel insist that this is error. "It is a reflection upon the testimony of the young man (the plaintiff) which seems to carry to the jury the idea, the court doubted the statement, however vital to the plaintiffs' causes." We do not regard this as going beyond legitimate comment of a judge upon the testimony. Moreover, it is eminently fair to plaintiffs, since the court states that there is no direct evidence that the bricks of the walk were laid over planks, but tells the jury that, notwithstanding this, it may, if it credit the testimony of the young man, find the fact involved in favor of the plaintiffs.

In conclusion plaintiffs' counsel invokes the doctrine of *res ipsa loquitur,* and labors the point with considerable insistence. In view of the fact that defendant claims to have proved that he never knew of a cistern or cavity or hole upon the premises, and that none of the witnesses for any of the parties had ever seen such an excavation, the doctrine mentioned can hardly be said to be involved. In case the jury had found the existence of any cavity, the rights of the plaintiffs were abundantly protected by the' charge. with reference to the duty and liability of the defendant. Certain minor claims of plaintiffs, subordinate to those above noticed, are not of a significance as to require attention.

There is no error.

In this opinion the other judges concurred.