## LUCY PARKER v. HOUSING AUTHORITY OF TOWN OF WEST HARTFORD

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 83648

Memorandum filed November 23, 1949.

*Cole & Cole,* of Hartford, for the Plaintiff.

*Schatz & Weinstein,* of Hartford, for the Defendant.

INGLIS, J.   In this action a physical examination of the plaintiff by a physician on behalf of the defendant has been had by consent.  It appears that in order to testify accurately as an expert the physician should have recourse to the records and x-rays in the Hartford Hospital relating to the plaintiff's injuries.

It is now well settled that it is within the power of the court in its discretion to order a plaintiff to submit to a physical examination. *Cook* v. *Miller,* 103 Conn. 267, 272; note 51 A. L. R. 183.   It is no substantial extension of that power for the court as an incident to the exercise of it to compel a plaintiff to provide to the examining physician access to records relating to his claimed injury which are in his control. *Bahner* v. *Serensen,* 8 Conn. Sup. 246.  The power to order a physical examination flows "from the right of a defendant to call an injured plaintiff as a witness and compel his testimony as to his injuries" and from the fact that if such an examination were denied it would result in injustice. *Cook* v. *Miller,* supra.

The same reasoning leads to the conclusion that in a case where such a physical examination cannot be complete without an inspection of hospital records and x-rays such an inspection may be ordered. Those records could be subpoenaed for the trial of the case. It will promote justice to permit an inspection of them in preparation for trial.

The motion is granted; the written permission requested therein to be delivered within ten days after the date of this memorandum.