STATE OF CONNECTICUT v. JOHN H. TUCKER

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 9—decided May 8, 1959

*Richard L. Jacobs,* with whom, on the brief, was *Israel J. Jacobs,* for the appellant (defendant).

*Abraham S. Ullman,* state's attorney, with whom, on the brief, was *Arthur T. Gorman,* assistant state's attorney, for the appellee (state).

MURPHY, J. The defendant was found guilty after a jury trial upon a charge of violating the Uniform State Narcotic Drug Act. Rev. 1958, § 19-246. He has appealed, claiming error in the denial of his motion to set aside the verdict, in the finding, in

the charge to the jury, in the refusal to charge as requested, in the admission of evidence and in the denial of his motion to have the jury polled when the verdict was returned.

The case was submitted to the jury upon the evidence introduced by the state. The defendant did not testify and offered no evidence in his own behalf. From the evidence, the jury could have found that on the afternoon of November 29, 1957, two detectives in the New Haven police department were driving northerly on a little traveled road in an isolated area on the outskirts of New Haven. As they approached an automobile parked on the opposite side of the road and headed south, the defendant and one Williams, who were standing on the far side of the automobile, ducked out of sight. The hood of the car was raised. As the officers passed, the defendant stood up and threw a shiny object into the marshy area to his right. Search of this area produced a hypodermic needle in the base of which a rolled-up strip of United States currency was fitted; a black metal bottle cap with a crystalline substance adhering to the inside; and a white metal bottle cap, sides pinched together, containing a small quantity of liquid and a small piece of cotton saturated with liquid. Each cap had adhesive paper affixed to the base, and the bottom of each was charred. On the floor in the rear of the car, the officers found a matchbox containing matches and a small piece of sponge. Affixed to the box by a thumbtack was a charred wooden stirrer. A salt shaker containing salt and a folded piece of wax paper containing a powder were in the glove compartment of the car. Williams owned the car; he told the officers that he had had motor trouble and could not start it. The

car started readily when the officers tested it. Toxicological examination disclosed that the crystalline substance in the black cap was morphine and quinine, that the liquid in the other cap and the saturated cotton contained morphine, and that the powder in the wax paper was quinine. Narcotics addicts mix quinine with morphine to give it bulk, and heat the mixture with water in a bottle cap to liquefy it. The bottle cap or "pot" is held over an open flame by a "pot holder." The stirrer attached to the matchbox serves the latter purpose. Lighted matches provide heat to the "pot" and cause charring of it and the "holder." A piece of cotton or sponge is used as a strainer in drawing the liquefied mixture into the hypodermic needle for injection into the addict, and the strip of currency paper makes a snug non-absorbent fitting between the needle and an eye-dropper syringe.

Great weight must be given the action of the trial court upon a motion to set a verdict aside, and all reasonable presumptions resolved in support of the ruling. Maltbie, Conn. App. Proc. § 190. The state made out a prima facie case against the defendant, although it was based on circumstantial evidence, including the inferences which the jury could draw from the actions of the defendant and his companion at the scene. This in turn gave rise to the further inference which could be drawn from the defendant's failure to testify in explanation. *State* v. *Hayes,* 127 Conn. 543, 591, 18 A.2d 895; *State* v. *Nelson,* 139 Conn. 124, 127, 90 A.2d 157. As the verdict must be tested by the evidence, we cannot say as a matter of law that the jury could not have reasonably concluded that the defendant either individually or in conjunction with Williams had in his possession or under his control a narcotic drug in violation of

law. The court did not err in refusing to set the verdict aside. *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 A. 91; *Harris* v. *Clinton,* 142 Conn. 204, 209, 112 A.2d 885.

The defendant seeks to add several paragraphs to the state's claims of proof in the finding. Because of the limited objective of a finding in a case tried to the jury, such an attempt is rarely warranted. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 93, 98 A.2d 664. That aside, the finding does include some of these claimed facts, but not in the language suggested by the defendant. That he and Williams were preparing to administer a narcotic drug to themselves when the police appeared was a reasonable inference which could be drawn from the other evidence in the case, and inclusion of it in the finding was justified. There is no merit to the contention of the defendant that the various items which were found in the area where he had thrown the shiny object were not admissible in evidence against him, and the same holds true as to the articles found in the car. They were all part of the over-all picture, especially in view of the expert testimony concerning clandestine preparation and use of narcotics.

Error is claimed in the charge as given and the failure to charge in accordance with the defendant's requests. The charge, taken as a whole, fulfilled the functions of instructions to the jury in its succinct statement of the applicable principles of law and in its references to the claims of the parties in such a way that the jury might appreciate the bearing of those principles upon the facts they might find proven, without the issue's being clouded by a discussion of circumstances and evidence which were no doubt brought to the attention of the jury by the arguments of counsel. *State* v. *Esposito,* 122 Conn.

604, 607, 191 A. 341. There was no error in the charge as given or in the refusal to include the requests to charge.

The verdict of the jury was reported by the foreman, and after it was ordered accepted and recorded by the court, the clerk in accordance with the formalities of our practice addressed the panel: "Ladies and gentlemen of the jury, listen unto your verdict as it is accepted and ordered recorded by the court. You and each of you do say that the accused, John H. Tucker, is guilty of the crime of violation of the State Narcotic Drug Act with which he stands charged, and this is your verdict and so say you all?" The jury responded, "It is." The defendant then moved to have an individual poll of the jury. He has excepted to the denial of that motion and claims that he was entitled to the poll as a matter of right. We said in *State* v. *Hoyt,* 47 Conn. 518, 533, that such a right has never been recognized in this state and that it was uncertain whether at common law it was considered an absolute right or merely rested within the discretion of the court. We see no reason for changing our view. "[W]hen the jury have openly, deliberately and unanimously assented to the verdict when called on for that purpose, it afford[s] all the evidence of unanimity which could reasonably be required." Ibid.

There is no error.

In this opinion the other judges concurred.