STATE OF CONNECTICUT *v.* ALBERT A. TESTA

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 5—decided December 30, 1959

*Richard C. Parmelee,* public defender, for the appellant (defendant).

*Bernard A. Kosicki,* state's attorney, for the appellee (state).

MURPHY, J. The defendant was found guilty by the jury upon an information charging him with breaking and entering, larceny, possession of burglar tools in the night season and illegally having a weapon in a motor vehicle. At the trial, he was represented by private counsel who withdrew from the case following the taking of this appeal and the filing of the finding. Thereafter, the public defender undertook to process the appeal. Original counsel took no exceptions to the charge to the jury and claimed no error in the rulings on evidence. The assignments of error which have been stressed are directed to four paragraphs of the finding and the

denial of the defendant's motion to set aside the verdict.

The trial of this case started on January 15, 1957, and the court concluded its charge to the jury late in the afternoon of January 23. Twenty-two witnesses testified for the state. The defendant presented the testimony of seven witnesses. He did not take the stand. There are 466 pages in the transcript of the evidence. We have reviewed the transcript in order to fully explore the errors assigned by the defendant.

The defendant was apprehended in front of his home in Bristol by a state trooper shortly before 6 a.m. on September 23, 1956, about twenty-six hours after the culmination of a wild chase by the trooper of an automobile allegedly operated by the defendant. The chase started in Cromwell about 3 o'clock on the morning of September 22 as the curiosity of the trooper was aroused when a car passed an intersection at which he had just arrived. The car turned into a side road and disappeared from sight. The trooper gave chase and finally came within ten feet of the car on route 3 in Rocky Hill. He had driven at speeds up to ninety miles an hour to do so. The pursued car was zigzagging on the highway, effectively preventing the trooper from passing or pulling abreast. The trooper with his spotlight and high-beam headlights observed the operator to be a short person with wide shoulders, a large nose, a high forehead and a bald spot. He was hatless. The pursuit continued at varying speeds into Wethersfield and Hartford, through red traffic lights on main and secondary roads and city streets. It ended on Cheshire Street in Hartford, where the car being pursued suddenly stopped and the driver disappeared in a driveway. The trooper stopped his car

in back of the other and recognized the defendant as the operator as he passed through the light from the headlights of the trooper's vehicle.

The defendant contends that the court erred in including in the finding the three paragraphs dealing with the opportunity for identification of the operator as the defendant while the trooper's car was close behind the other in Rocky Hill and when the operator alighted in Hartford. The question was one of fact for the jury's determination. A finding in a jury case is not a statement of the facts which have been found proven; it is a statement of facts which, on the evidence, the jury might have found proven and which the parties claim were proven. *Quednau* v. *Langrish,* 144 Conn. 706, 708, 137 A.2d 544. There is no merit to the claim that the three paragraphs should not have been included in the finding.

The other paragraph in the finding as to which error is asserted relates to a note found in the glove compartment of the car which the defendant was accused of operating. It pertained to the condition of the muffler and bore the signature "Al Testa." No objection was made to its introduction at the trial. In this court, counsel claims that it should not have been received in evidence without the testimony of a handwriting expert identifying it as being written by the defendant. This meritless claim deserves no further discussion.

In reviewing the action of the trial judge upon a motion to set aside a verdict, we review the evidence. From it, the jury could have found that the automobile from which the operator escaped was a 1946 Chevrolet registered in the name of James Masi, Jr., of Bristol on August 29, 1956. Testa negotiated its purchase in August and paid for it.

Masi was with him when the seller filled out the
transfer of title and was also with him when Testa
was arrested. Testa was seated behind the wheel
of the car while it was parked in the rear of the
Cameo Building in Bristol in midafternoon on Sep-
tember 21, 1956. That evening he patronized the
Hillside Dairy in Middletown. Between the time the
dairy closed at 11 o'clock that night and reopened
the following morning, it had been burglarized. A
cigarette machine had been pried open. More than
twenty packages of various brands were missing.
Eleven packages of cigarettes were found in the
rear seat of the car. They bore state tax serial
numbers corresponding to those on packages known
to be in the machine on September 20. Two chisels,
a sledge hammer and a screwdriver were also found
in the car. One chisel fitted the pry marks on the
cigarette machine and bore paint particles identical
in composition to the paint on the machine. A pair
of trousers in the trunk of the car bore identification
marks of a cleaning establishment in Bristol where
the defendant had had them cleaned. An adhesive
tape container in the glove compartment bore a
fingerprint of the defendant. While out on bond, the
defendant asked an acquaintance to bid in the car
for him when the state police auctioned it off, be-
cause he wanted to recover the car and a gun hidden
over the glove compartment under the dashboard.
The police found a loaded gun where the acquaint-
ance told them it was located. From these facts,
together with the note heretofore mentioned, the op-
portunity afforded the jury to determine whether
the defendant had any or all of the identifying char-
acteristics described by the trooper, and the in-
ference which could be drawn from the failure of the
defendant to testify in his own behalf, the jury could

reasonably find him guilty on all counts. The court correctly denied the motion to set aside the verdict. *State* v. *Tucker,* 146 Conn. 410, 413, 151 A.2d 876.

There is no error.

In this opinion the other judges concurred.