# Peter Oborski *v.* New Haven Gas Company

King, C. J., Murphy, Shea, Alcorn and Comley, Js.

Argued October 3, 1963—decided January 9, 1964

*Morris Tyler,* with whom, on the brief, was *Peter C. Dorsey,* for the appellant (defendant).

*Joseph F. Ryter,* with whom were *William T. Holleran* and, on the brief, *William J. Singer,* for the appellee (plaintiff).

MURPHY, J. The defendant is engaged in the distribution of gas to its customers in New Haven through underground mains and pipelines. The plaintiff brought suit to recover for severe, painful and permanent injuries which he sustained when an accumulation of gas, which he alleged had leaked from the defendant's distribution system into a manhole in a recently constructed sewer line, exploded just after the plaintiff had descended into the manhole to make an inspection of it in the course of his employment. The complaint alleged that the defendant was negligent in that it failed to inspect its gas lines; in that it knew or should have known that gas from its service was leaking; in that it failed to take proper precautionary measures to ascertain the cause and place of leakage; in that it failed to take proper precautions to prevent the seepage of gas into the manhole in which the plaintiff was working; and in that it failed to take proper measures to remedy the dangerous situation which resulted from the seepage of gas. The defendant

denied the allegations of negligence and in a special defense charged the plaintiff with contributory negligence in that he entered or worked in the manhole with a lighted cigarette or open flame when he knew or should have known of the presence of gas in the manhole. The jury returned a verdict of $60,000 for the plaintiff, and the trial court refused to set it aside. The defendant has appealed. In its assignments of error, it claims that the court erred in making a finding of the claims of proof of the parties; in refusing to include in three paragraphs of the finding all of the colloquy and answers which were set out in three paragraphs of the draft finding; in finding without evidence certain facts in twelve paragraphs of the claims of proof; in certain rulings on evidence; and in denying the defendant's motion to set aside the verdict because it was not supported by the evidence and was excessive.

The defendant in its request for a finding restricted the questions of law which it desired to have reviewed to claimed errors in rulings on evidence, and it filed a draft finding limited to those rulings. The trial court insisted that a finding of the claims of proof was necessary and required the defendant to file a supplemental draft finding containing a recital of the facts which the respective parties offered evidence to prove and claimed to have proved. Subsequently, the court made a finding and included in it sixty-two paragraphs of the claims of proof of the parties which were entirely unnecessary because of the questions of law involved. The insistence on the supplemental draft finding placed an undue burden on the parties in preparing the draft finding and counterfinding—since the parties had to recite their respective claims of proof—and

made it essential that the defendant, in order to protect its interests, assign such errors as it claimed were in the part of the finding setting forth the claims of proof; both parties then had to brief those assignments. A finding of the facts which the respective parties offered evidence to prove and claimed to have proved was, at the time the finding was prepared, necessary in a case tried to the jury only when error was claimed in the charge. *Lucas* v. *South Norwalk Trust Co.*, 121 Conn. 201, 203, 184 A. 157. As there is no claim that the charge was erroneous, the assignments of error directed to the portion of the finding devoted to the claims of proof need not be considered.

Paragraphs 68 and 69 of the finding are corrected, in response to the third assignment of error, to include the colloquy and answers in the omitted portions of paragraphs 6 and 7 of the draft finding. So far as the third assignment of error is concerned with paragraph 63 of the finding, the assignment is not directed, as is the argument in the defendant's brief, to the narrative statement of what preceded or followed the ruling on evidence but rather to the omission of the colloquy and answers contained in paragraph 1 of the draft finding. As the colloquy and answers were not omitted, the assignment has no merit.

The first witness called by the plaintiff in the trial was the safety supervisor for the defendant. He identified a work record, made by a company foreman, which reported the replacement, on September 29, 1955, of twenty-seven feet of gas service line between the main in the street and premises at 235 Rosewood Avenue because the service line was "leaking and rusted out." The plaintiff offered the record as an exhibit "to show a condition that

existed on September 27 or prior thereto." The narrative statement of the background of this ruling is devoid of any facts which would allow the admission of the work record for the purpose claimed. The finding does not show that the defendant at any time made a categorical objection to the offer. The court, however, asked a series of questions of counsel and the witness. The answers indicated that the explosion occurred on September 27 at a distance of about 500 feet from the gas line servicing 235 Rosewood Avenue and that this line was found to be leaking and rusted two days later when it was dug up. The court admitted the work record as a full exhibit, stating that the court could, at the moment, see a possible relevancy. The defendant excepted to the ruling.

Upon the record as presented to us, the ruling was erroneous. There was nothing to show any connection between the condition of the service line on September 29 and the explosion two days before. It so happens that this error is not harmful in this instance because the foreman who made the report thereafter testified as to the circumstances under which the leak at 235 Rosewood Avenue was detected, the age and condition of the pipe when it was removed, and the size of the leak. This evidence, coupled with other evidence relating to conditions which existed on Rosewood Avenue before and after the explosion, would have provided, had it preceded the admission of the exhibit, sufficient foundation for its admission as a document from which the jury could draw reasonable inferences concerning the cause of the explosion. *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 548, 115 A.2d 460; *Shaughnessy* v. *Morrison,* 116 Conn. 661, 664, 165 A. 553.

There is no error in the exclusionary rulings on evidence in which error is claimed in assignments 14 and 15. Both of the questions called for answers which would have been guesses and speculative. Assignment 17 is directed to a ruling during cross-examination of a defense expert. The ruling became harmless when the expert answered that the plaintiff's supposition was not necessarily correct and the expert's later exposition showed why.

The two remaining assignments of error (Nos. 19, 20) in rulings on evidence which have been briefed stem from the testimony of Clair O. Dorne, a witness who professed to have the experience and qualifications which would permit him to give expert testimony for the plaintiff on the subject of gas explosions and the relationship and conduct of the parties under the circumstances of this case. The witness testified that since 1936 he had been a licensed engineer in Connecticut; that he owned and operated a testing laboratory in which all sorts of tests except those involving health matters were done; and that he had been hired as a consulting engineer by three gas companies at different times to "make tests on explosions where property loss or human loss occurred and gas poisoning, asphyxiations, any serious case." On direct examination, Dorne testified as to his opinion of the cause of the explosion in this case and the reasonable care which was required of the defendant under the circumstances. The defendant objected that the witness was not qualified to render an opinion because he had no experience in operating a gas company. The objection was overruled. Thereafter, on cross-examination Dorne admitted that he had never been an employee or officer of any company engaged in the distribution of gas. The defendant then made a motion that all

of the answers and opinions of the witness with respect to what was or was not due care on the part of the defendant be stricken and that the jury be cautioned to disregard them. The defendant excepted to the denial of the motion.

"The determination of the qualification of an expert is largely a matter for the discretion of the trial court. . . . 'Some facts must be shown as the foundation of such an opinion, but there is no rule of law declaring the precise facts which must be proved before such an opinion may be received in evidence. It is largely a matter of judicial discretion whether a witness has been shown to have sufficient experience and opportunity of observation to render his opinion of value upon [the particular question].' . . . 'The decision of a trial judge in admitting a witness to testify as an expert will not be reviewed, unless it is clearly shown to have been based on incompetent or insufficient evidence.' " *Coffin* v. *Laskau*, 89 Conn. 325, 329, 94 A. 370. In *Bryan* v. *Branford*, 50 Conn. 246, 248, 249, we held that witnesses who had sufficient education and knowledge and were entirely competent to make plans and specifications for building bridges were not precluded by the fact that they had not actually built bridges from giving their opinions as experts on the cost of building a bridge. The rule in that case applies here. The objection of the defendant goes to the weight to be given the witness' opinion rather than to its admissibility. *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 A.2d 600. We find no error in the denial of the motion.

The last assignment of error in rulings on evidence we will discuss (No. 20) pertains to a paragraph of the finding which deals with portions of Dorne's testimony after a hypothetical question was

asked him. The hypothetical question is not included in the finding, nor is there a narrative statement of the facts on which the question was based. Furthermore, the paragraph contains two rulings to which exception was taken. As the finding does not conform to the requirements of the 1951 Practice Book § 405 (Practice Book, 1963, § 648), we do not consider the assignment. *Arvee Construction Co.* v. *Ardolino,* 144 Conn. 7, 12, 127 A.2d 39.

The court having denied the defendant's motion for a directed verdict, the defendant, after the verdict was accepted, filed a motion for judgment notwithstanding the verdict and, in the alternative, to set the verdict aside. The court, in a lengthy memorandum reviewing the evidence and claims of the parties, denied the motion. In reviewing the action of the court, we consider the evidence in the light most favorable to the plaintiff; *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 659, 154 A.2d 517; giving due weight to the refusal of the trial court to disturb the verdict and its reasons therefor when given. *State* v. *Tucker,* 146 Conn. 410, 413, 151 A.2d 876.

We have reviewed with great care the memorandum which the trial court filed in deciding this motion. Parenthetically, we point out that the court inadvertently stated that the rise in the elevation of Rosewood Avenue was in a northerly rather than in a southerly direction and that the Y's on the sewer main were open, whereas in fact the openings were blocked by tile, a porous material. We agree with the trial court that the evidence permitted the jury to conclude that the defendant was negligent. Primarily, its negligence consisted in its failure to test its lines for possible leaks when its employees noticed bad settlement spots in the sewer trench

which the lateral gas lines servicing the houses on the street traversed. The defendant knew that the lateral gas lines had been exposed when the sewer trench was dug and that no supports were put under those gas lines to prevent their sagging and breakage after the trench was backfilled.

Particular stress has been laid by the defendant on the claim that it was not possible for the jury to conclude from the evidence that the presence of gas in the particular manhole should have been discovered by the defendant in time for the condition to be remedied and the accident avoided. The testimony of the engineer for the public utilities commission that in his opinion it was gas from the breaks in the defendant's lateral gas line servicing 275 Rosewood Avenue which permeated the cavities in the sewer trench and found its way into the manhole, coupled with the testimony of the defendant's safety engineer that the defendant's gas was lighter than air and would have a tendency to rise from the places of the leaks to the higher elevation at the manhole, would allow the jury to conclude that it was the defendant's gas which accumulated in the manhole. *Breed* v. *Philgas Co.*, 118 Conn. 128, 134, 171 A. 14. The area in the street over the sewer was paved the day before the plaintiff was injured. The paving material not only sealed the surface interstices in the road but also the holes in the manhole cover and could reasonably account for the fact that gas which was getting into the manhole accumulated there and did not escape. Although it may be that the elapsed time between the laying of the pavement and the accident was not sufficient in and of itself for there to be constructive notice of the amount of gas in the manhole, there was evidence that the leaks at 275 Rosewood Avenue had existed

for at least two weeks, that reasonable inspection would have detected them, and that, had they been repaired, the source of the escaping gas would have been cut off and it would not have gotten into the manhole. See *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 153, 104 A.2d 221. The defect was the broken pipe; the negligence was the failure to inspect and repair; the result was the accumulation of gas in the manhole and the explosion, with consequent injury to the plaintiff. There was no error in denying the motion for judgment notwithstanding the verdict or in refusing to set aside the verdict on the issue of negligence.

The presentation by the defendant in its brief of the extent of the plaintiff's injuries and the results of them is in some respects a better argument for the amount of damages awarded than the presentation made by the plaintiff. The latter presentation amounts to little more than a generalization that the verdict was not excessive.

We are reviewing the action of the trial court in denying the motion to set aside the verdict because it was excessive. The court's memorandum of decision contains, in summary form, a detailed analysis of the evidence pertaining to the plaintiff's injuries and damages. Support for this analysis can be found in the appendix and transcript. Described are painful and disfiguring burns which covered twenty percent of the plaintiff's body and were mainly on his face, neck, arms and buttock. Treatment included three skin-grafting operations during the eighty-seven days the plaintiff was hospitalized. There is a permanent residual from the scarring, and there is limitation of some functions of the hands. The special damages, including loss of wages for seven months at over $100 a week, amounted to

$10,000. At the time of trial, the plaintiff was forty-two years old and had a life expectancy of 29.4 years. How much of the $50,000 awarded in excess of the special damages did the jury allocate to the pain and suffering which the plaintiff underwent in the hospital and during convalescence, and how much to the discomfort and disfigurement which will attend the remaining years of his life? These are the imponderables which are often found in awards of damages, whether by judge or jury. See *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 173, 38 A.2d 582. The defendant failed to establish that the trial court abused its discretion in refusing to set the verdict aside as excessive. *Lavieri* v. *Ulysses,* 149 Conn. 396, 408, 180 A.2d 632.

There is no error.

In this opinion the other judges concurred.