JOSEPH DUNN *v.* RICHARD J. FINLEY

KING, C. J., MURPHY, ALCORN, COMLEY and BOGDANSKI, Js.

Argued April 15—decided May 12, 1964

*William B. Hennessy,* with whom was *Charles R. Summa,* for the appellant (plaintiff).

*William B. Fitzgerald, Jr.,* with whom was *William B. Fitzgerald,* for the appellee (defendant).

MURPHY, J. The plaintiff failed to recover a verdict for damages from the defendant for injuries which the plaintiff claimed he sustained to his head when he tripped on the matting on a platform of a diving tower at Lake Quassapaug on June 27, 1955, and fell to the water, nine feet below. The trial court refused to set aside the verdict and the plaintiff has appealed, assigning error in the refusal to set aside the verdict, in rulings on evidence, in the refusal to charge as requested, in the charge as given, and in the finding. The finding is corrected by striking paragraphs 28 through 33 of the plaintiff's claims of proof, since they are in fact claims advanced by the defendant. The finding cannot be corrected by adding five paragraphs of the draft finding, because no evidence concerning the claimed facts was introduced by the plaintiff, nor was any attempt made to prove them otherwise than by argument of counsel.

The defendant operates a swimming club at Lake Quassapaug to which the public is admitted on payment of a fee. A stationary raft is located in the bathing area, and on the southeast corner of it there

is a platform or tower about nine feet high which is used by patrons for diving into the water. The two sides of this platform which are above the edges of the raft on the south and east are not protected by railings. The other two sides, above the floor of the raft, have railings.

Substantially, the plaintiff's claims of proof are: Along with his wife and a companion, the plaintiff had paid the fee and was using the defendant's facilities at about 6 o'clock on the afternoon of June 27, 1955. The plaintiff ascended to the diving platform and was looking over the side preparatory to diving when he caught his foot in the edge of the cocoa matting on the floor of the platform and plunged over the side into the water, striking his head in such a manner that an artery was torn and a subdural hematoma developed which had to be removed by surgery. The matting was loose and torn and bulged between the nails which fastened it to the platform. The defendant was negligent in maintaining the platform with defective and unsafe matting and in failing to have guardrails on the two open sides of the platform.

The principal claims of proof of the defendant were that he had no knowledge of the incident until almost a year after it is alleged to have occurred, when in early June, 1956, the plaintiff and Charles R. Summa, his attorney, drove to the club and, while the plaintiff remained in the car, Summa entered the office and told the defendant that the plaintiff had told him that he was on the diving platform on June 27, 1955, and was being pushed by one of his companions when he caught his foot in a piece of loose matting and fell into the water. The matting was in good condition on June 27, 1955, being new material which had been properly installed during

the last two weeks in May. The diving tower was safely constructed and was inspected several times a day. Railings on the water sides of the platform would be a hindrance and a hazard to divers and would create an unsafe condition. A subdural hematoma is generally caused by contact of the head with a hard, unyielding substance and not by contact with water. The plaintiff either was injured elsewhere or was pushed from the tower by one of his companions.

The conflicting evidence, which is recited in the appendices, presented questions of fact for the jury's determination. *Nistico* v. *Stephanak,* 140 Conn. 547, 550, 102 A.2d 357. These questions were resolved in favor of the defendant. There was no error in the denial of the motion to set aside the verdict on the ground that it was against the evidence. *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872.

The plaintiff was unable to qualify two witnesses as experts in the design and construction of diving towers, since neither of them had previous experience in that regard. One had designed platforms on dry land, and the other sold swimming pools. The court did not abuse its discretion in excluding their testimony as experts. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73; *Sears* v. *Curtis,* 147 Conn. 311, 314, 160 A.2d 742.

Three photographs of the raft and tower, taken on November 27, 1956, were admitted solely to show the general construction of the tower and the location of the cocoa matting and the nails which held it in place, and not as evidence of the condition of the matting on June 27, 1955. There was no error in so admitting them.

The claim of error based on the court's failure

to give the plaintiff's requests to charge is without merit. Such of them as the plaintiff was entitled to have given were, in substance, adequately covered in the charge. The only exception to the charge which warrants comment pertains to the portion which referred to the failure of Summa to testify as to the conversation attributed to him by the defendant to the effect that the plaintiff had told Summa he had been pushed. In accordance with the principles restated in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 674, 165 A.2d 598, the court charged on the inference which could be drawn from the failure of a party to produce a witness who would ordinarily be expected to testify. There was no error in this portion of the charge. Summa did not participate actively in the trial. Although he issued the writ and sat at the counsel table, the actual trial was conducted by William B. Hennessy. Had Summa been taken by surprise by the testimony, he could have taken the stand without inviting criticism for violating a rule of professional conduct. *Miller* v. *Urban,* 123 Conn. 331, 333, 195 A. 193. So far as the motion to set aside the verdict was based on errors in the charge, the motion was properly denied. No other claims of error merit comment.

There is no error.

In this opinion the other judges concurred.