ERNEST SILADI *v.* THOMAS F. MCNAMARA ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 6—decided March 21, 1973

*Richard A. Silver,* with whom, on the brief, were *John W. Roberts* and *Stephen M. Seelig,* for the appellant (plaintiff).

*G. Sarsfield Ford,* with whom, on the brief, was *Marguerite D. Weeks,* for the appellee (named defendant).

House, C. J. This is an appeal by the plaintiff from a judgment of the Superior Court rendered following the acceptance of a jury verdict for the named defendant and the denial of a motion to set aside the verdict. Of the assignments of error, two claims have been preserved for appeal. The first is that the court erred in excluding testimony of a witness offered as an expert by the plaintiff. The second is that the charge to the jury was inadequate.

The case arises from an automobile accident on the Merritt Parkway in 1966. The plaintiff was driving his vehicle in an easterly direction in the left of the two eastbound lanes when a car driven by the defendant Esternoris Prieto and owned by the defendant Betzy Prieto which had been traveling somewhat erratically in a westerly direction, weaved across the median divider and collided with the plaintiff's car. This collision forced both vehicles into the right-hand lane of eastbound traffic,

in which the named defendant was driving. Seconds after the collision between the Prieto and Siladi cars, the named defendant's automobile struck the rear of the Siladi vehicle.

The plaintiff subsequently instituted this action seeking compensation for his injuries. Neither the defendant Esternoris Prieto nor the defendant Betzy Prieto entered an appearance. The jury returned a verdict against the defaulting defendants in the amount of $40,000 but found the issues in favor of the named defendant. The court accepted the verdict and refused to set it aside.

We first consider the claim that the trial court erred in ruling that a witness offered by the plaintiff was not qualified to testify as an expert witness.[1] The witness, David Kessler, according to the offer of proof, would have testified that the named defendant "had sufficient time to stop his vehicle so as not to strike the rear of Mr. Siladi's car." He would have based his opinion on "the cause, time, distance, speed, skid marks, and other matters relating to the physical evidence of the automobile collision."

After an extended examination of the witness' qualifications, the court excluded the witness' proffered testimony. The court found that the witness was an administrator of a program designed to

---

[1] The defendant argues that this court should not consider this claim since the finding and draft findings with respect to the claim do not conform to the technical requirements of § 648 of the Practice Book. He relies on cases such as *Schurgast* v. *Schumann,* 156 Conn. 471, 481–82, 242 A.2d 695. While the plaintiff, and the court, certainly should have more specifically complied with § 648, the circumstances here do not merit summary rejection of the claim. In this case the issues have been sufficiently delineated in the finding, and the defendant has printed an exhaustive summary of the testimony in his appendix. Unlike the situation in the *Schurgast* case, then, here we have an adequate basis on which to review the ruling of the court.

further highway safety in New Jersey and that he supervised and participated in accident analyses, but also that he "made no claim to expertise with regard to the particular matter of composition of road surfaces," that he did not know what an accident test was, and that he was primarily an administrator rather than an investigator. The court then excluded the offered testimony, stating that although the witness might qualify as an expert in some field, it was "not convinced he qualifies as an expert in this particular field."

"The determination of the qualification of an expert is largely a matter for the discretion of the trial court." *Coffin* v. *Laskau,* 89 Conn. 325, 329, 94 A. 370; *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73. The trial court's decision is not to be disturbed on appeal "unless that discretion has been abused, or the error is clear and involves a misconception of the law." 31 Am. Jur. 2d 531, Expert and Opinion Evidence, § 31; see *Dunn* v. *Finley,* 151 Conn. 618, 621, 201 A.2d 190; *Oborski* v. *New Haven Gas Co.,* supra; *Rogoff* v. *Southern New England Contractors Supply Co.,* 129 Conn. 687, 691, 31 A.2d 29.

In the case before us, the trial court properly applied the law and acted well within the scope of its discretion. Generally, expert testimony may be admitted if the witness has a special skill or knowledge, beyond the ken of the average juror, that, as properly applied, would be helpful to the determination of an ultimate issue. See, e.g., 31 Am. Jur. 2d 523, Expert and Opinion Evidence, § 26. The special skill or knowledge, however, must be directly applicable to the matter specifically in issue. "[An expert's] fitness, then, is a fitness to answer on that point. He may be fitted to answer about countless

other matters, but that does not justify accepting his views in the matter in hand." 2 Wigmore, Evidence (3d Ed.) § 555, p. 634. See *Dunn* v. *Finley, supra,* for an analogous set of circumstances. The trial court in the present case concluded that the expertise of the witness did not extend to the matters sought to be proven. We clearly do not have before us exceptional circumstances constituting an abuse of discretion. See Model Code of Evidence rule 401 comment c, pp. 201-2.

The plaintiff relies on *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 10 A.2d 600, and *Rogoff* v. *Southern New England Contractors Supply Co., supra.* The reliance is misplaced. The *Wray* case involved a misapplication of law, and *Rogoff* merely suggested in dicta that an abuse of discretion is more likely to occur in the exclusion of expert testimony than in its admission.[2] Here there was no such abuse.

The plaintiff's second preserved assignment of error is that the court erred in refusing to include certain of his requests to charge in its charge to the jury. The attacked portion of the charge concerns concurrent negligence and proximate cause. Although the plaintiff properly admits in his brief that the charge "was not technically a misstatement of the law," he claims that in view of the "gross negligence" of Prieto and the "natural inclination" of a jury to lay blame on the most culpable person, the court should have "clearly" charged the jury that if the injuries sustained were indivisible, and any negligence of the named defendant proximately caused any injury, then the named defendant should be held concurrently liable.

---

[2] The double standard has been questioned in the 1970 supplement to 2 Wigmore, Evidence (3d Ed.), p. 236.

"The ultimate test of a court's charge is whether it fairly presents the case to a jury in such a way that injustice is not done to either party under the established rules of law. *Cappella* v. *New York, N. H. & H. R. Co.,* 154 Conn. 410, 414, 226 A.2d 394; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818." *Szlinsky* v. *Denhup,* 156 Conn. 159, 163, 239 A.2d 505. "A charge must be read in its entirety; *Salvatore* v. *Hayden,* 144 Conn. 437, 442, 133 A.2d 622; and it is to be considered from the standpoint of its effect upon the jury in guiding them to a correct verdict. *Kowal* v. *Archibald,* 148 Conn. 125, 129, 167 A.2d 859." *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* supra, 426.

A comparison of the plaintiff's requests to charge and the charge as given shows no substantial discrepancies. The court correctly instructed the jury as to concurrent negligence and proximate cause; it specifically stated that the jury could find the named defendant liable regardless of the liability of Prieto. Viewed as a whole, the charge was fair and adequate and in fact it conformed quite closely with the plaintiff's specific requests to charge. Under these circumstances, we see no injustice and find no error.

There is no error.

In this opinion the other judges concurred.