STATE OF CONNECTICUT *v.* ALEXANDER A. WALLACE

COTTER, C.J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 10—decision released June 17, 1980

*Richard F. Singer,* assistant public defender, with whom, on the brief, were *Jerrold H. Barnett,* public defender, and *Joette K. Rubin,* assistant public defender, for the appellant (defendant).

*C. Robert Satti,* state's attorney, for the appellee (state).

BOGDANSKI, J.   The defendant was charged with the crime of robbery in the first degree in violation of § 53a-134 (a) (2)[1] of the General Statutes. Just before the state completed its case in chief, the trial court permitted the state to amend the information by deleting subsection (a) (2) of § 53a-134 and substituting therein subsection (a) (4) of § 53a-134.[2] The jury thereafter found the defendant guilty of the crime charged in the substituted information. From the judgment rendered, the defendant has appealed.

On appeal, the defendant claims that the court erred in the following respects:   (1) in granting the state's motion to amend; (2) in denying the defendant's motion for a continuance; (3) in cer-

[1] General Statutes § 53a-134 (a) (2) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime . . . , he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."
[2] General Statutes § 53a-134 (a) (4) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime . . . , he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

tain rulings on evidence; (4) in denying the motion for judgment of acquittal; and (5) in denying the motion for a mistrial.

## I

The record reveals that during the trial the state learned that the revolver which it had been prepared to offer in evidence was not the weapon used in the robbery. In the absence of the jury, the state moved to amend the information so as to charge the defendant with a violation of subsection (a) (4) of § 53a-134. The court granted the state's motion to amend and overruled the defendant's objections.

Section 624 of the 1978 Practice Book provides that after the commencement of a trial, for good cause shown, the court may permit the state to amend the information at any time before a verdict if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced thereby.

There was a showing of good cause for allowing the amendment. The amended information did not charge an additional or different offense. Both the original and the amended informations charged the defendant with the same crime of robbery in the first degree. Moreover, since the defendant's defense at the trial was one of alibi, no substantive rights of the defendant were prejudiced. The defendant did not dispute the commission of the crime charged, he simply claimed that he was not the one who committed it.

## II

After the state was permitted to amend, the defendant moved for a continuance of ten days. The defendant, however, gave no reason for the con-

tinuance other than that he wanted "to file motions addressed to the pleadings." He made no claim that he needed time to prepare a defense or to procure additional witnesses or evidence. Nor has the defendant claimed that the denial of a continuance has prejudiced any of his substantive rights.

The granting or denial of a motion for a continuance rests within the sound discretion of the court; *State* v. *Jeustiniano,* 172 Conn. 275, 284–85, 374 A.2d 209 (1977); reviewable only for an abuse of that discretion. *State* v. *Olds,* 171 Conn. 395, 370 A.2d 969 (1976); *State* v. *Bethea,* 167 Conn. 80, 355 A.2d 6 (1974). Every reasonable presumption must be made in favor of the proper exercise of the trial court's discretion. *State* v. *Manning,* 162 Conn. 112, 121, 291 A.2d 750 (1971).

On the basis of the record before us, we conclude that the trial court did not abuse its discretion in denying the motion for a continuance.

### III

There was evidence that one of the perpetrators of the crime charged wore what looked like knitted mittens, a white knit cap and a long-sleeved coat; the other wore a blue coat and gloves, one of which was dropped not far from the scene of the crime. Clem, a trained tracking dog, after being scented on the dropped glove, led his trainer to a white knit cap and a pair of socks which he circled before continuing on the track. At trial, Edward Burwitz, an FBI hair and fiber expert, testified that fibers found on the cap and socks were identical to those of the defendant's coat in terms of diameter, color, shade and material. The defendant claims that the court erred in admitting this evidence as having no probative value as to the defendant. We do not agree.

Clem's handler testified that the dog's continuing on the track after discovering the hat and socks meant that those items were of interest to the dog, but not of primary interest; that if two persons were together their scents would mix; and that the items could have been discarded by someone other than the person who wore the dropped glove. He further testified that these circumstances might indicate that two persons left the scene of the crime together, one of whom had worn the dropped glove, the other the hat and mittens. We conclude that the evidence was relevant and admissible.

The defendant also claims that the court erred in allowing Burwitz to testify as an expert in textile fiber analysis because the state did not lay a proper foundation regarding his qualifications.

Whether a witness is qualified to testify as an expert is a matter largely within the trial court's discretion. *Oborski* v. *New Haven Gas Co.*, 151 Conn. 274, 280, 197 A.2d 73 (1964). While it is true that preliminary facts must be shown to lay a foundation for the witness' qualifications, there is no precise rule as to what those facts must be. *Oborski* v. *New Haven Gas Co.*, supra. Expertise may come from practical experience or study alone. *Bryan* v. *Branford,* 50 Conn. 246, 248 (1882). In any event, if reasonable qualifications are established, objections go only to the weight to be given to the witness' opinion rather than to its admissibility. *Oborski* v. *New Haven Gas Co.*, supra.

The record reveals that Burwitz had been employed by the federal bureau of investigation for nine years and that he had a bachelor of science degree from the University of New Mexico and a master of science degree from George Washington

University. After completing a year of training on the subject of hair and fiber analysis, Burwitz conducted over 1000 examinations of hairs and textile fibers, and testified in many state and federal courts on the subject. That background, experience and training was sufficient to support the testimony which he gave during the trial.

The defendant next contends that the court erred in allowing Burwitz to testify as to possibilities rather than to probabilities.

Burwitz testified that because the fibers from the defendant's coat were identical in four respects to those found on the knit hat and socks, the fibers could have come from the same source. To allow such an expert witness to express his opinion as to what the above evidence means is not error since such an opinion is premised on subordinate facts and is not based on mere conjecture or surmise. See *Stephanofsky* v. *Hill,* 136 Conn. 379, 383–85, 71 A.2d 560 (1950).

## IV

The defendant further claims that the court erred in denying his motion for acquittal on the ground that the state failed to prove that the gun could be fired. Since we have concluded that the court did not err in permitting the state to amend the information, and since the defendant stands neither charged nor convicted of the crime charged in the original information, the attack is without merit.

## V

Lastly, the defendant claims that the trial court erred in denying his motion for a mistrial when it submitted the amended information to the jury in the absence of a plea to it by the defendant.

At the commencement of the trial, the jury was informed that the defendant was charged with robbery in the first degree, that he was arraigned and that he was put to plea, and that the jury's task would be "to consider from the evidence which shall be brought before you whether the defendant is guilty or not guilty of the crime charged in the information." In its charge to the jury after the close of the evidence the court instructed the jury that the defendant was charged with a violation of § 53a-134 (a) (4) and explained what evidence was necessary to convict under that section.

A mistrial may be granted only when, as a result of some occurrence at the trial, it is apparent to the court that the defendant cannot have a fair trial. *State* v. *Piskorski,* 177 Conn. 677, 719, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979).

When an indictment or information has been amended after arraignment, but the nature of the offense charged is not changed, a rearraignment is not necessary. 2 Wharton, Criminal Procedure (12th Ed.) § 336, p. 220.

There is no error.

In this opinion the other judges concurred.