GRACE MCKIERNAN *v.* CALDOR, INC., ET AL.

COTTER, C. J., SPEZIALE, PETERS, HEALEY and PARSKEY, Js.

Argued October 14, 1980—decision released February 17, 1981

*David A. Reif,* for the appellant (plaintiff).

*William G. Speed IV,* with whom, on the brief, was *Jacob H. Channin,* for the appellees (defendants).

SPEZIALE, J.  The plaintiff brought suit for personal injuries which she alleges were caused by a fall in the defendants' parking lot on December 19, 1974.  The jury returned a general verdict for the defendants.  In this appeal the plaintiff claims that the trial court erred in its charge to the jury regarding the plaintiff's use of a cane during trial and in allowing the defendants' meteorologist to testify as an expert on ground freezing conditions.

The plaintiff first claims error in the charge to the jury concerning her use of a cane.  Throughout the trial the plaintiff used a cane to assist her in walking to the witness stand and in entering and leaving the courtroom.  The plaintiff's doctor testified that in his examination of the plaintiff on the day of her fall he discovered a broken ankle and torn ligaments in the knee.  He then testified that these injuries were related to the accident described to him by the plaintiff.  Another of the plaintiff's doctors stated that the pain and swelling would be permanent.  The plaintiff testified that when walking was painful she would use a cane.

At the close of the trial the following charge was given to the jury: "In this case, the Plaintiff, during her appearance on the witness stand and in the courtroom, walked with a cane. There was no medical evidence offered by any witness that established a causal relationship between the use of the cane by the Plaintiff and the injuries sustained in this case." The plaintiff claims that the giving of this instruction to the jury constitutes reversible error.

This instruction was given by the court in the portion of the charge concerning damages. When the court asked for any exceptions to the charge, most of the discussion regarding this instruction concerned whether medical evidence is legally required before the jury may consider the use of the cane in assessing damages. Although the use of the cane at the time of trial could be indicative of the continuing nature of the injury, it is not indicative of a causal connection between the injury and any negligent acts of the defendants. Thus, the claimed error in the charge relates to damages. Because the verdict was for the defendants, absolving them from liability, it is not necessary to consider the claimed error relating to damages. *Murphy* v. *Soracco,* 174 Conn. 165, 166, 383 A.2d 1350 (1978).

At oral argument the plaintiff also contended that the charge was erroneous because it impugned the credibility of the plaintiff. Although briefly suggested, this reason was not distinctly raised at the trial. Practice Book § 3063. In any event, the instruction concerned medical testimony, not testimony by the plaintiff, and was given in the portion of the charge dealing with damages, not in the section dealing with the credibility of witnesses and the

role of the jury as the sole judges of the evidence. A charge to the jury must be judged as a whole; *Vandersluis* v. *Weil,* 176 Conn. 353, 360, 407 A.2d 982 (1978) ; *State* v. *Holmquist,* 173 Conn. 140, 151, 376 A.2d 1111, cert. denied, 434 U.S. 906, 98 S. Ct. 306, 54 L. Ed. 2d 193 (1977) ; not dissected for minute flaws. *Hoadley* v. *University of Hartford,* 176 Conn. 669, 674, 410 A.2d 472 (1979). Furthermore, even if we were to conclude that the charge is erroneous, the plaintiff has not sustained her burden of showing that it was prejudicial. *Kosko* v. *Kohler,* 176 Conn. 383, 387, 407 A.2d 1009 (1978).

The plaintiff also claims that the trial court erred in allowing the defendants' meteorologist to testify as an expert on ground freezing conditions. The plaintiff claimed that she fell when she stepped into a broken and depressed area of the parking lot pavement, referred to by the parties as a "pothole." The parties were at issue as to the existence of the pothole and the length of time it had been there. The paving expert of the plaintiff testified that it would have taken several months of freezing temperatures to develop the pothole. The defendants called as their expert witness a meteorologist with over thirty years of experience in the field, who was associated with a private weather service located in Connecticut. Over the plaintiff's objection the meteorologist was allowed to testify that, in his opinion, the ground was not frozen on the day of the plaintiff's fall. There was no objection to his qualifications as a meteorologist but only to his competence to be an expert witness on ground freezing conditions.

Whether a witness is qualified to testify as an expert with respect to a certain matter is a decision

to be made by the trial court. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73 (1964). That decision will not be disturbed on appeal unless there has been an abuse of discretion or there was a clear error involving a misconception of the law. *State* v. *Cosgrove,* 181 Conn. 562, 588, 436 A.2d 33 (1980); *Siladi* v. *McNamara,* 164 Conn. 510, 513, 325 A.2d 277 (1973). It is rare for this court to find that a trial court has erred in a ruling permitting expert testimony. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600 (1940). Once the trial court has determined that the witness has reasonable qualifications to testify as an expert on the question presented, the objection goes to the weight rather than the admissibility of the testimony. *State* v. *Wallace,* 181 Conn. 237, 241, 435 A.2d 20 (1980); *Oborski* v. *New Haven Gas Co.,* supra.

Here, the trial court permitted a meteorologist with more than thirty years of experience to offer an opinion on whether the ground was frozen on the date of the accident based on weather records for approximately two months immediately preceding that date. We cannot say that the trial court abused its discretion by allowing this opinion to be heard.

There is no error.

In this opinion the other judges concurred.