[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTIONS FOR SUMMARY JUDGMENT (# 125.50 AND 126.50)
The four defendants, who are Walter T. Shanley, M.D., Fairfield Orthopaedic Associates, P.C., James Brown, and Professional Sports Care Management, Inc., move for summary judgment in this medical malpractice case on the ground that Dr. Robert Schneider, who is the witness that plaintiff Linda A. Wright has disclosed as an expert on the standards of care, is not qualified to render opinions. They claim that Dr. Schneider in not qualified to establish the appropriate standards of care, a breach of a standard, or a causal connection between a breach and the plaintiffs alleged injuries. For the reasons stated below, the defendants' motions for summary judgment are denied.
The defendants attack the qualifications of an expert witness. For the admission of expert testimony, the witness must be qualified as an expert. Conn. Code of Evidence § 7-2. "The standard of care required to be established and the qualifications of expert witnesses who may testify to establish that standard, in claims for damages alleged to have been caused by the negligence of a health care provider, are controlled by General Statutes 52-184c." Rodriguez v. Petrilli, 34 Conn. App. 871,644 A.2d 381 (1994).
The defendants contend that Dr. Schneider can not be qualified as an expert under any provision of section 52-184c. The plaintiff, on the other hand, claims that the witness possesses the requisite qualifications and will qualify as an expert under subparagraph (d) of section 52-184c because the witness' field of practice overlaps with the defendants' practices when it comes to the treatment of the condition CT Page 12018 suffered by the plaintiff.
Subparagraph (d) of section 52-184c provides, in part, as follows:
 Any health care provider may testify as an expert in any action if he. . ., to the satisfaction of the court, possess sufficient training, experience and knowledge as a result of practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine. Such training, experience or knowledge shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim.
This prong of section 52-184c focus on the scope of the witness' knowledge rather than the witness' professional classification.
The plaintiff alleges, inter alia, that upon her complaint to Dr. Shanley of ankle pain the doctor failed to diagnose a blood clot in her leg but instead treated her for a sprained ankle. As to Beam, the plaintiff claims that he lacerated her leg while removing a cast and failed to notify Dr. Shanley of the severity of the laceration. Dr. Shanley is an orthopedist. Beam is a physical therapist. The plaintiffs expert witness is not certified as an orthopedist or a physical therapist. He has, however, during the five year period prior to the alleged tortuous conduct "treated patients with mild to moderate musculo-skeletal symptoms and exhibiting pain and/or swelling on a regular basis." He "treated approximately 250 such patients per year, approximately 50 of whom per year presented with ankle pain and! or swelling of lower legs." He "also was consulted by patients with phlebitis and! or emboli on a regular basis, seeing approximately three such patients per year. He referred many patients to physical therapists, and discussed treatment to be provided and progress with them." He "removed soft casts and know(s) how they are supposed to be removed." (Affidavit in Opposition to Motions For Summary Judgment.)
Ordinarily, "the qualifications of an expert presents a preliminary question for the trial judge." Blanchard v. Bridgeport, 190 Conn. 798,463 A.2d 553 (1983); Conn. Code of Evidence § 1-3. In moving for summary judgment, the defendants are claiming that a judge presiding over the trial of this case would commit reversible error should he or she admit the expert's testimony. "Whether a witness is qualified to testify as an expert is a matter that rests in the sound discretion of the trail judge. . . . [T]he trial court's exercise of that discretion will not be CT Page 12019 disturbed [by an appellate court] unless it has been abused or the error is clear and involves a misconception of the law." Rodriguez v.Petrilli, supra at 875. "The trial court is generally in a better position to judge the competency of the witness than the appellate court . . . and will not be reversed unless clearly and manifestly wrong." Statev. Vars, 154 Conn. 255, 268, 224 A.2d 744 (1966). "The decision of a trial judge in admitting a witness to testify as an expert will not be reviewed, unless it is clearly shown to have been based on incompetent or insufficient evidence." Oborski v. New Haven Gas Co., 151 Conn. 274,280, 197 A.2d 73 (1964). At this stage of the court proceedings, it is not the function of this court to determine how the trial judge will exercise his or her discretion on an evidentiary issue. Rather, this court must determine whether there will be sufficient and competent evidence to allow a trial judge to exercise that discretion.
Having reviewed the documentary material submitted by the parties and having considered the broad discretion accorded a trial judge when evaluating an expert's qualifications, this court finds that there should be sufficient evidence for a trial judge to find that the expert possesses the requisite qualifications to opine as to the appropriate standards of care. Accordingly, this court concludes that the defendants have failed to show that the plaintiff will be unable to comply with General Statutes § 52-184c.
The motions for summary judgment are denied.
THIM, J.