******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LAURENCE V. PARNOFF *v.* AQUARION WATER
COMPANY OF CONNECTICUT ET AL.
(AC 40109)

Keller, Moll and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant police depart-
ment, its police chief and a police officer, M, for, inter alia, false arrest
and pursuant to the applicable federal law (42 U.S.C. § 1983) for the
alleged violation of his constitutional rights in connection with his arrest
by M. In count twenty-two of the operative complaint, which set forth
a § 1983 claim against M, the plaintiff incorporated certain paragraphs of
count eighteen that briefly described the events that led to the plaintiff's
arrest and the arrest itself. The plaintiff then asserted broadly that M
had deprived him of his rights, privileges and immunities under state
and federal law, but he did not clearly articulate the basis of his § 1983
claim. M filed a motion for summary judgment with respect to count
twenty-two on the ground that he was immune from liability under the
doctrine of qualified immunity. In his memorandum of law in opposition
to the motion for summary judgment, the plaintiff primarily argued that
summary judgment on that count was not warranted because there was
a genuine issue of material fact as to whether M had probable cause to
arrest him. In rendering summary judgment in favor of M, the trial court
first clarified that the plaintiff claimed false arrest in count eighteen of
his complaint. The court then concluded that summary judgment on
count twenty-two was appropriate because there was no issue of mate-
rial fact concerning the objective evidence of probable cause for the
plaintiff's arrest. In reaching its conclusion, the court stated that qualified
immunity precluded recovery under 42 U.S.C. § 1983 and that lack of
probable cause is a critical element of both a common-law false arrest
claim and a claim brought under § 1983. On appeal, both of the plaintiff's
claims challenged the trial court's summary judgment on the ground
that a genuine issue of material fact existed as to the reasonableness
of the force used by M in effectuating the plaintiff's arrest. *Held* that
this court declined to review the plaintiff's claims on appeal, the plaintiff
having challenged the trial court's summary judgment on the basis of
a distinctly different theory from the theory that he argued before the
trial court and on which the trial court actually rendered its summary
judgment; the plaintiff's complaint failed to articulate with sufficient
clarity the basis of the § 1983 claim, the theory that the plaintiff pursued
in opposition to M's motion for summary judgment was not based on
M's use of excessive force but, rather, concerned false arrest and whether
there was a genuine issue of material fact as to whether M had probable
cause to arrest him, the plaintiff made no argument before the trial
court pertaining to excessive force although he had the opportunity to
do so, and the trial court's memorandum of decision, therefore,
addressed only whether there was an issue of material fact as to probable
cause for the arrest.

Argued October 22, 2018—officially released March 5, 2019

*Procedural History*

Action to recover damages for, inter alia, false arrest,
and for other relief, brought to the Superior Court in
the judicial district of Fairfield, where the court, *Rad-
cliffe, J.*, granted the motion for summary judgment
filed by the defendant Glynn McGlynn et al. and ren-
dered judgment thereon, from which the plaintiff
appealed to this court. *Affirmed.*

*John R. Williams*, for the appellant (plaintiff).

*John A. Florek*, with whom was *Alexander Florek*,

for the appellee (defendant Glynn McGlynn).

*Opinion*

KELLER, J. This appeal, and a related appeal, *Parnoff* v. *Aquarion Water Co. of Connecticut*, 188 Conn. App. , A.3d (2019), which we also officially release today and which contains a recitation of the underlying facts, involve a challenge by the plaintiff, Laurence V. Parnoff, to the summary judgments rendered by the trial court in favor of the defendants. In the present appeal, the plaintiff appeals from the summary judgment rendered by the trial court in favor of the defendant Glynn McGlynn, a Stratford police officer.[1] The plaintiff claims that (1) "[t]he evidence before the court was sufficient to permit a jury to find that the force used by the defendant . . . was unreasonable under the fourth amendment," and (2) the "defendant's assertion of the affirmative defense of qualified immunity was unavailing at the summary judgment stage of this case" because the defendant cannot reasonably contend that no objective police officer could have thought that the force used was reasonable. For the reasons set forth herein, we decline to review the plaintiff's claims.

In the present appeal, the plaintiff appeals from the summary judgment rendered in favor of the defendant and, in setting forth the grounds for the appeal, he argues that an issue of material fact exists as to the force used by the defendant in effectuating the plaintiff's arrest. However, the theory he pursued in opposition to the defendant's motion for summary judgment was based not on the excessive use of force by the defendant but on the lack of probable cause for his arrest. The trial court construed the plaintiff's count directed against McGlynn to be a false arrest claim and determined that summary judgment on count twenty-two in favor of the defendant was appropriate because there was "no issue of material fact concerning the objective evidence of probable cause for the arrest of" the plaintiff.

At the outset, we note that the plaintiff's sixth revised complaint, which is the operative complaint in this case, is not a model of clarity. Count twenty-two is titled "Title 42 of the United States Code, Section 1983 as to Defendant Glynn McGlynn (Town of Stratford Police Officer)." Therein, the plaintiff incorporated paragraphs 1 through 20 of count eighteen, titled "Tortious Conduct," which briefly described the events leading up to his arrest and the arrest itself, and then asserted broadly that the defendant deprived him of the rights, privileges, and immunities secured to him by the constitution and laws of the United States and the state of Connecticut. At no point in count twenty-two did he use the term "force" or the phrase "excessive force" to support his claim under 42 U.S.C. § 1983.[2] It is unclear on what exactly his § 1983 claim is based.

In the defendant's memorandum of law in support

of his motion for summary judgment, he argued that he was immune from liability under the doctrine of qualified immunity. The defendant set forth multiple bases for why he believed that the doctrine applied. First, the defendant argued that qualified immunity existed because the force used in effectuating the plaintiff's arrest was objectively reasonable given the situation he faced, but he contended that the plaintiff's "language used in count twenty-two is hardly fact specific" and indicated that the plaintiff appeared also to complain about the arrest itself. The defendant then argued that it was clear that there was "probable cause to arrest the plaintiff" at the time of his arrest, citing to case law supporting the contention that "the existence of probable cause to arrest is a complete defense to an action for false arrest."

In the plaintiff's memorandum of law in opposition to the motion for summary judgment, he spent the vast majority of his argument relating to count twenty-two, arguing that no probable cause existed for the arrest. The plaintiff began his argument by calling to the court's attention an "expert who [would] present evidence that the plaintiff's arrest on all charges was without probable cause" and directed the court to his appendix, which contained an affidavit from an expert attesting that it was his opinion that no probable cause existed for the plaintiff's arrest. The plaintiff then recited law on the issue of qualified immunity. He argued that summary judgment was not appropriate because there were conflicting facts as to whether the defendant had probable cause to arrest the plaintiff and, in a conclusory manner, "whether [his] force was excessive." He does not, however, develop the excessive force statement or point to any evidence attached to his memorandum to support it. The plaintiff then set forth the facts leading up to his arrest. Our review of his memorandum of law in opposition to the defendant's motion for summary judgment reasonably suggests that he discussed these facts in order to persuade the court that there was no probable cause to arrest him. He then concluded his argument as follows: "Based upon this failure to investigate prior to making the arrest, a trier of fact could conclude that the [defendant's] actions were objectively unreasonable. It is almost absolute that the claim of lack of probable cause for the plaintiff's arrest, with evidence that such claim will be presented to the trier of fact, is sufficient to raise a significant issue as to whether the [defendant] would be able to pass the reasonableness test and prevail relative to [his] defense of qualified immunity. We believe that [he] cannot, and that our objection should be sustained."

On August 29, 2016, the court held a hearing on the motion for summary judgment. As to the counts pertaining to the defendant, the court first addressed count eighteen, which was the count the plaintiff incorporated entirely into count twenty-two to support his § 1983

claim against the defendant. The court stated: "[Count eighteen] is tortious conduct. I assume that that's false arrest." The defendant's counsel seemed to agree by stating that "[i]t seems to be some type of general tort theory" and then proceeding to his governmental immunity argument. At no point during the proceeding did the plaintiff's counsel argue that count twenty-two, or count eighteen for that matter, was an excessive force claim rather than one alleging false arrest. Instead, the plaintiff's counsel began by saying that "[r]elative to the immunities, if the arrests were illegal, I question whether the immunities protect the police officer." He proceeded to argue that "when you arrest without probable cause, then I think you lose your immunities." He indicated to the court that "[w]e've briefed this thoroughly. I'm not going to waste a lot of the court's time. Arrests are discretionary acts, no question, if there's probable cause. The [§] 1983 action, that's a reasonable standard. Under all the facts that are presented to the court here, there's enough to raise a question of fact as to whether or not the actions of the police officer were reasonable."

On January 5, 2017, the court issued a memorandum of decision. It granted the motion for summary judgment as to count twenty-two recognizing "that the defense of qualified immunity, which protects public officials from civil actions where they are performing discretionary functions, precludes recovery under [42 U.S.C. §] 1983." It went on to state that "[l]ack of probable cause is a critical element of both a common-law false arrest claim and one brought pursuant to [§] 1983." It concluded that there was "no genuine issue of material fact concerning the objective evidence of probable cause for the arrest" of the plaintiff. There was no discussion of excessive force.

To allow the plaintiff to appeal from the summary judgment on the basis of a distinctly different ground or theory from the ground or theory he argued before the trial court would amount to an ambuscade of the trial court. See *Ahmadi* v. *Ahmadi*, 294 Conn. 384, 395, 985 A.2d 319 (2009) ("[a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one" [internal quotation marks omitted]). In the present case, the plaintiff's complaint failed to articulate with sufficient clarity what he was claiming in count twenty-two. Although the defendant was cautious and argued multiple reasons why qualified immunity applied to that count in his motion for summary judgment, the plaintiff focused his opposition to the defendant's motion for summary judgment on false arrest by arguing that there was an issue of material fact as to whether the defendant had probable cause to arrest the plaintiff. Although the plaintiff made a conclusory statement about the force used in effectuating his arrest, he never developed that legal assertion further. See *McKiernan* v. *Caldor, Inc.*, 183 Conn. 164,

166, 438 A.2d 865 (1981) (issue "briefly suggested" in trial court is not distinctly raised). Then, during the hearing on the motion, the court noted its confusion with count eighteen (the count incorporated fully into count twenty-two) by attempting to clarify that the plaintiff was claiming false arrest in that count. At no point did the plaintiff indicate that he was claiming otherwise. When it was the plaintiff's opportunity to address the court, he pressed the issue of false arrest. He stated, inter alia, that "when you arrest without probable cause, then I think you lose your immunities." He made no arguments pertaining to excessive force, and the court's memorandum of decision understandably addressed solely whether there was an issue of material fact as to probable cause for the arrest.

If this court were to reverse the summary judgment on the independent theory the plaintiff now argues on appeal—i.e., whether the evidence before the trial court was sufficient to permit a jury to find that the force used by the defendant was unreasonable—it would usurp the trial court's authority to consider and rule on issues before it.[3] See *Jahn* v. *Board of Education*, 152 Conn. App. 652, 665, 99 A.3d 1230 (2014) ("[t]o allow the [plaintiff] to argue one theory . . . [before the trial court] and then press a distinctly different theory on appeal would amount to an ambuscade of the trial court" [internal quotation marks omitted]). Accordingly, we decline to review the plaintiff's claims on appeal.

We also note that the plaintiff does not appear to challenge the specific ground, false arrest, on which the court actually rendered summary judgment; he simply argues on appeal that "the evidence before the court was sufficient to permit a jury to find that the force used by the defendant was . . . unreasonable under the fourth amendment."

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's sixth revised complaint also named as defendants Aquarion Water Company of Connecticut (Aquarion), and its employees, Beverly A. Doyle, David Lathlean, and Kyle Lavin; Patrick Ridenhour, the Stratford chief of police; and the Stratford Police Department. The related appeal previously mentioned addresses the plaintiff's challenge to the trial court's summary judgment as to the counts pertaining to Aquarion, Doyle, Lathlean, and Lavin (counts one through seventeen). In the present appeal, the plaintiff does not challenge the summary judgment as to the counts pertaining to Ridenhour or the Stratford Police Department. The plaintiff's sole challenge in the present appeal is to the court's summary judgment in favor of McGlynn as to count twenty-two. Accordingly, we refer to McGlynn in this opinion as the defendant.

[2] Although the plaintiff describes in count twenty-two that his arrest was "unwarranted, unjustifiable and excessive," it is ambiguous as to whether he was claiming false arrest or excessive force.

On appeal, the plaintiff supports his claim by indicating that he alleged that the defendant "grabbed and forcibly turned the plaintiff around . . . violently pulled the plaintiff's arthritic arms behind him . . . unduly tightly and painfully handcuffed the plaintiff pulling the plaintiff's arms behind his back and requiring later corrective action . . . ." This allegation, however, was never included in or incorporated into count twenty-two.

[3] We note that the plaintiff never filed a motion for articulation or a motion

for reargument with the trial court, which he could have filed if he believed that the court failed to address his purported excessive force argument. See *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 738, 937 A.2d 656 (2007) ("[i]t is . . . the responsibility of the appellant to move for an articulation or rectification of the record [when] the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter" [internal quotation marks omitted]); *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001) ("[T]he purpose of reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . [Reargument] also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." [Citation omitted; internal quotation marks omitted.]).

---